UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

In re:

ELIZABETH KATHERINE LOVING,   Case No.: 11-01439-MAM-7

    Debtor.


ELIZABETH KATHERINE LOVING,

    Plaintiff,
v.   Adv. Proc. No.: 11-00141

UNITED STATES OF AMERICA,

    Defendant.


**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND AWARDING JUDGMENT OF NONDISCHARGEABILITY TO DEFENDANT**

    Charles Baer, Assistant United States Attorney, Mobile, Alabama
    Arthur P. Clarke, Attorney for the Debtor, Mobile, Alabama

    This case is before the Court on the United States' Motion for Summary Judgment. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Motion for Summary Judgment is due to be GRANTED and judgment should be entered accordingly.

FACTS

    The pertinent facts are undisputed. Plaintiff Elizabeth Katherine Loving filed her underlying Chapter 7 bankruptcy case on April 8, 2011. Plaintiff's 2007 Federal income tax return was due April 15, 2008. Plaintiff filed her 2007 Federal income tax return on February 19,

1

2008. Further, the Court takes judicial notice that April 15, 2008 through April 15, 2011 is a three year period, and that April 15, 2008 to April 8, 2011 is a period of less than three years.

On June 15, 2011, Plaintiff filed the underlying adversary proceeding asking this Court to determine the dischargeability of her 2007 Federal income tax obligation. In that complaint, Plaintiff argued that 11 U.S.C. § 523(a)(1) does not bar the dischargeability of her 2007 Federal income tax debt. The United States answered Plaintiff's complaint on July 15, 2011 and asserted as an affirmative defense that Plaintiff's 2007 tax debt was excepted from discharge because it was due within three years prior to Plaintiff's petition date.

On July 22, 2011, the United States filed this Motion for Summary Judgment restating the argument set forth in its answer that Plaintiff's 2007 tax debt is nondischargeable. Plaintiff filed a response to the United States' Motion for Summary Judgment on August 16, 2011. In that response, Plaintiff asserted that she filed her tax return on February 19, 2008, a date that is more than three years prior to her bankruptcy filing. Also, she alleged that her 2007 taxes were assessed more than three years prior to her bankruptcy filing.

LAW

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2502, 91 L.Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for

2

trial. *Anderson*, 477 U.S. at 249-50.  In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party.  *Id*.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007).  The moving party bears the burden of proving there is no issue as to any material fact and that judgment should be entered as a matter of law.  Fed. R. Bankr. Pro. 7056(c).

In this case, the material facts are undisputed and the issue presented is purely a matter of law. This Court must decide whether Plaintiff's 2007 Federal income tax obligations are dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). The United States, as the moving party, bears the burden of proof by a preponderance of the evidence. *In re Fretz,* 244 F.3d 1323, 1327 (11th Cir. 2001).

Section 523(a)(1)(A) of the Bankruptcy Code deems priority taxes, as defined in 11 U.S.C. § 507(a)(8), nondischargeable. *In re Morgan*, 182 F.3d 775, 777 (11th Cir. 1999). Pursuant to § 507(a)(8)(A)(i) and (ii), a tax is a priority tax where it is a "tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition" and (1) "a return, if required, is last due, including extensions, after three years before the date of the filing of the petition," or (2) is "assessed within 240 days before the date of the [bankruptcy] filing." The Court will address each prong separately and then address some additional considerations.

(1)     11 U.S.C. § 507(a)(8)(A)(i)

Under § 507(a)(8)(A)(i), "an individual debtor's debt to a governmental unit for an income tax is excepted from discharge if it pertains to a taxable year the return due date of which is three years or less before the date the debtor filed a bankruptcy petition." *In re Jackson*, 253

3

B.R. 570, 573 (M.D. Ala. 2000). Thus, the proper measuring dates for § 507(a)(8)(A)(i) are the due date of the tax return in question and the date the bankruptcy petition was filed.

As an example, in *In re Newman*, 399 B.R. 541, 544-545 (Bankr. M.D. Fla. 2008), the debtor filed bankruptcy on July 13, 1998. On that day, the debtor owed income tax for the taxable years 1995 and 1996. The income tax returns for those two tax years were due on April 15, 1996 and April 15, 1997, respectively. The bankruptcy court held, in part, that the debtor's income tax obligations from 1996 and 1997 were nondischargeable because they "were last due within three years of the filing of Debtor's bankruptcy petition." *Id.*

Here, Plaintiff's 2007 tax obligation is a priority tax pursuant to § 507(a)(8)(A)(i). First, § 507(a)(8)(A)(i) applies to Plaintiff's 2007 tax debt because it is an income tax debt for a taxable year that ended before Plaintiff filed her petition on April 8, 2011. Second, Plaintiff's 2007 tax return was due on April 15, 2008, a date within three years of Plaintiff's bankruptcy petition date of April 8, 2011. As a priority tax, Plaintiff's 2007 tax obligation is nondischargeable pursuant to § 523(a)(1)(A).

(2) 11 U.S.C. § 507(a)(8)(A)(ii)

"[A]n individual debtor's debt for an income tax liability that was assessed within 240 days of the bankruptcy petition is…excepted from discharge." *In re Parker*, 199 B.R. 792 (Bankr. M.D. Fla. 1996). Thus, the pertinent measuring date for § 507(a)(8)(A)(ii) is the date of assessment. The Bankruptcy Code does not define assessment; however, "courts have almost unanimously adopted the Internal Revenue Code definition." 4 *Collier on Bankruptcy* ¶ 507.11[2][b][i] (16th ed. 2009). Under the Internal Revenue Code, the Secretary of Treasury makes tax assessments. 26 U.S.C. § 6201(a). Procedurally, the Secretary of Treasury must first

4

Case 11-00141    Doc 14    Filed 08/29/11    Entered 08/29/11 10:54:16    Desc Main
Document      Page 4 of 6

send a taxpayer a notice of deficiency and wait a statutorily determined period of time before making the assessment. 26 U.S.C. § 6201(a) and § 6212(a).

In the instant case, § 507(a)(8)(A)(ii) does not apply. The facts in this case are undisputed and no evidence has been presented to the Court, nor has any argument been made by either party, that Plaintiff ever received a notice of deficiency from the Secretary of Treasury. Thus, this Court possesses no evidence showing that an assessment occurred pursuant to the Internal Revenue Service definition. Nonetheless, as discussed above, Plaintiff's 2007 income tax debt is nondischargeable pursuant to § 507(a)(8)(A)(i).

(3)    Additional Considerations

Plaintiff cites *In re Gore*, 182 B.R. 293 (Bankr. N.D. Ala. 1995), in opposition to the United States' motion for summary judgment. The issue and decision in *In re Gore* have no bearing on the instant case. In *In re Gore*, the bankruptcy court focused squarely on whether the three year period detailed in § 507(a)(7)(A)(i), a previous version of § 507(a)(8)(A)(i), was tolled by a debtor's prior bankruptcy filings. The language cited by Plaintiff speaks specifically to that issue and is inapplicable to these proceedings.

Plaintiff also asks this Court to utilize the equitable powers contained in 11 U.S.C. § 105(a) to rule in her favor. Section 105 of the Bankruptcy Code gives a bankruptcy judge discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." However, "this Court does not have a 'roving commission to do equity.'" *In re Parker*, 279 B.R. 596, 605 (Bankr. S.D. Ala. 2002) (quoting language from *Chiasson v. J. Louis Matherne & Assocs.*, 4 F.3d 1329, 1334 (5th Cir. 1993)). This Court is

5

Case 11-00141    Doc 14    Filed 08/29/11    Entered 08/29/11 10:54:16    Desc Main
Document      Page 5 of 6

bound to apply the law as it is written and fails to find sufficient justification in the facts of this case to contravene the proper operation of § 523(a)(1)(A) and § 507(a)(8)(A)(i).

Therefore, it is ORDERED that:

1. The United States' Motion for Summary Judgment is GRANTED;

2. Judgment shall be awarded to the United States against the Plaintiff Elizabeth Katherine Loving as to the nondischargeability of Plaintiff's 2007 Federal income tax debt.

Dated:   August 29, 2011

*Margaret A. Mahoney*
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE